UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>(1) SHEVIS D. PETTIES; (2) TMH GROUP INC.; )<br>(3) EXCEPTIONAL SERVICE COMPANY LLC; )<br>and (4) THE MONARCH HOUSE LLC A/K/A )<br>MONARCH HOUSE LLC, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. CIV-24-36-JD<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

The United States of America alleges as follows:

1. The United States brings this action to enforce the provisions of Title VIII of the Civil Rights Act of 1968 ("Fair Housing Act" or "FHA"), as amended, 42 U.S.C. §§ 3601-3619.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 42 U.S.C. § 3614(a).

3. Venue is proper in this judicial district and under 28 U.S.C. § 1391(b)(1), (b)(2), (c)(1), (c)(2), and (d) because Defendants reside and conduct business in the Western District of Oklahoma, and because the events giving rise to this action occurred in the Western District of Oklahoma.

## PARTIES

4. Defendant Shevis D. Petties, commonly known as "Don Petties" and "Donnie Petties," ("Petties") resides in the City of Moore, in Cleveland County, Oklahoma. From at least

2016 to the present, Defendant Petties owned and/or operated and managed residential rental properties in the Western District of Oklahoma.

5. Defendant TMH Group Inc. is an active, domestic, not-for-profit Oklahoma corporation with a principal business address of 817 Northwest 90th Street in Oklahoma City, Oklahoma. Defendant Petties serves as a corporate officer of, and the registered agent for, Defendant TMH Group Inc. Defendant TMH Group Inc. owns or owned one or more residential rental properties operated and managed by Defendant Petties.

6. Defendant Exceptional Service Company LLC is an inactive Oklahoma limited liability company with a principal business address of 4625 Southeast 116th Street in Moore, Oklahoma. Defendant Petties serves as the registered agent for Defendant Exceptional Service Company LLC. Defendant Exceptional Service Company LLC owns or owned one or more residential rental properties operated and managed by Defendant Petties.

7. Defendant The Monarch House LLC a/k/a Monarch House LLC is an inactive Oklahoma limited liability company with a principal business address of 817 Northwest 90th Street in Oklahoma City, Oklahoma. Defendant Petties serves as the registered agent for Defendant The Monarch House LLC a/k/a Monarch House LLC. Defendant The Monarch House LLC a/k/a Monarch House LLC owns or owned one or more residential rental properties operated and managed by Defendant Petties.

## FACTUAL ALLEGATIONS

8. From at least 2016 to the present, Defendant Petties owned and/or operated and managed at least four residential rental properties ("Subject Properties") located in the Western District of Oklahoma, including 801 Northwest 90th Street and 817 Northwest 90th Street in

Oklahoma City, 3501 North Evans Drive in Forest Park, and 4625 Southeast 116th Street in Moore.

9. Each of the Subject Properties is a single-family home and a "dwelling" within the meaning of 42 U.S.C. § 3602(b).

10. From at least 2016 to the present, Defendant Petties has been actively involved in the management of the Subject Properties, including, but not limited to: showing the properties to prospective tenants; establishing the terms of oral and written leases; renting individual bedrooms, detached garages, and detached workshops to tenants as sleeping spaces; collecting rent; receiving maintenance requests; hiring maintenance workers and crews for repairs; performing repairs; inspecting completed maintenance work; communicating with tenants regarding difficulties paying rent; and evicting tenants.

11. Defendant TMH Group Inc., as the current owner of 3501 North Evans Drive in Forest Park, Oklahoma and 4625 Southeast 116th Street in Moore, Oklahoma, has expressly or implicitly granted Defendant Petties the authority to carry out the duties described in paragraph 10 and act as its agent from at least December 2019, to the present.

12. Defendant The Monarch House LLC a/k/a Monarch House LLC, as the current owner of 801 Northwest 90th Street in Oklahoma City, Oklahoma, has expressly or implicitly granted Defendant Petties the authority to carry out the duties described in paragraph 10 and act as its agent from at least July 30, 2021, to the present.

13. Defendant Exceptional Service Company LLC, as the current owner of 817 Northwest 90th Street in Oklahoma City, Oklahoma, has expressly or implicitly granted Defendant Petties the authority to carry out the duties described in paragraph 10 and act as its agent from at least October 30, 2020, to the present.

14. From at least 2016 to the present, Defendant Petties has subjected female tenants of the Subject Properties to discrimination on the basis of sex, including unwelcome and severe or pervasive sexual harassment on multiple occasions. This conduct has included, but is not limited to:

    a. Making unwelcome sexual advances, unwelcome sexual contact, and unwelcome sexual comments to female tenants;

    b. Physically assaulting female tenants;

    c. Entering the bedrooms of female tenants without giving notice and obtaining their permission;

    d. Photographing and/or filming female tenants in their bedrooms and in bathrooms without their knowledge and permission;

    e. Groping or otherwise touching female tenants without their consent in a sexual or otherwise suggestive manner;

    f. Offering and granting tangible housing benefits, including overlooking late or unpaid rent or extending payment due dates to female tenants in exchange for engaging in sexual acts with him;

    g. Denying tangible housing benefits to female tenants who refused one or more requests for sexual acts, such as refusing to make repairs or perform maintenance;

    h. Demanding that female tenants engage in sexual acts with him in order not to lose housing; and

    i.  Taking adverse housing actions against female tenants who refused his sexual advances, including evicting such tenants and depriving them of their possessions.

15. For example, in or around 2016, Defendant Petties rented a bedroom at 817 Northwest 90th Street to two sisters, who were minors at the time and looking for housing due to a difficult family situation.  After moving in, the sisters observed cameras in their bedroom and the bathroom where they showered.  Once, Defendant Petties pinned the older sister in place with his chest flush against hers, told her to pull up her shirt, touched her body around her breasts, and said words to the effect of, "it would be that easy" for her to have extra time to pay the rent.  Another time, Defendant Petties asked the sisters if they would have sexual intercourse with him.  When they refused, Defendant Petties made them move from their bedroom to a detached garage on the property that had no electricity.  Defendant Petties demanded sexual intercourse from the elder sister several times, and nude photographs at least once.  Defendant Petties made multiple unwelcome comments about both sisters' appearances, and gave unwelcome hugs to the younger sister without her consent many times.  One night, the sisters caught Defendant Petties taking pictures of them through a garage window as they were changing into pajamas, and confronted him.  Defendant Petties then locked the sisters out of the garage, and had their belongings placed at the curb for trash collection.

16. In another example, in or around December of 2020, Defendant Petties rented a bedroom at 801 Northwest 90th Street to a female tenant.  Defendant Petties subjected the tenant to unwanted sexual conduct on multiple occasions.  After refusing to fix the lock on the tenant's bedroom door despite the tenant having made multiple requests for Defendant Petties to do so, Defendant Petties entered the tenant's bedroom on several occasions without notice or

permission, once going through her possessions and tossing them about after she rebuffed his sexual advances.  On at least three occasions, Defendant Petties offered the female tenant the use of a Jeep Cherokee if she would engage in sexual activity with him.  This offer was unwelcome.  After she refused, Defendant Petties evicted the female tenant.

17. In or around the summer of 2021, Defendant Petties rented an apartment in a detached workshop located at 4625 Southeast 116th Street to the female tenant described in paragraph 16.  The female tenant found herself desperate for a place to live and called Defendant Petties as a last resort.  Defendant Petties subjected the tenant to unwanted sexual contact on multiple occasions.  Once, he put his arm around her, caressed her thigh, and tried to kiss her.  The tenant pushed him away.  On another occasion, Defendant Petties pulled the tenant to him, ran his fingers through her hair, lifted her sundress over her head, and pulled up her bra exposing her breasts.  The tenant shouted words to the effect of, "Stop; get your hands off of me," pushed Defendant Petties, and ran away from him.  Immediately after this incident, the tenant's air conditioner suddenly stopped working.  Despite repeated requests for Defendant Petties to fix the air conditioner, he did not, and the tenant elected to stay a few nights at a hotel.  When she returned to the apartment, she discovered that Defendant Petties had changed the locks with her belongings still inside, although she was current on her rent.  Only later, with the assistance of the police, was the tenant able to finally retrieve some of her belongings.

18. In another example, in or around December 2016, Defendant Petties hired a woman to serve as a live-in project manager overseeing renovations at 817 Northwest 90th Street.  During her tenancy, Defendant Petties subjected this female tenant to repeated and unwelcome sexual comments and requests.  For example, he asked her to sit on his lap, asked her to be his girlfriend, and said words to the effect of, "Let me buy you some lingerie," "I should spend the

night with you," and "I'm going to put the cameras on so I can watch you get undressed." On or around Valentine's Day 2017, Defendant Petties ran up to the tenant, threw her against a wall, wrapped his hands around her neck, and began choking her, screaming that she was "a slut" and that she could only have sex with him. At about midnight that night, Defendant Petties entered 817 Northwest 90th Street without notice or permission, went into the tenant's bedroom, dragged her out of her bed, and threw her into the driveway in her pajamas while yelling words to the effect of, "I told you what would happen." The tenant, who struck her head when she was thrown, crawled across the street to ask for help from a neighbor. After this, she did not return to live at 817 Northwest 90th Street and was never able to retrieve any of her belongings.

19. In another example, in or around 2018, a female tenant rented a bedroom space in a detached garage located at 817 Northwest 90th Street from Defendant Petties. On her first night there, Defendant Petties used his key to enter her locked bedroom without notice or permission. When the tenant objected, Defendant Petties stated that he had the right to enter her bedroom anytime he wanted. The tenant often arrived home to find her belongings "rummaged through," and her underwear drawer in disarray. Because the garage had no bathroom, the tenant had to shower in the main house which had video cameras mounted throughout, including above the bathroom door. The tenant once saw Defendant Petties looking at footage from the video cameras on a computer at 817 Northwest 90th Street. Throughout her tenancy, Defendant Petties made multiple unwelcome sexual comments about the tenant's "ass" and other body parts, and hugged her many times without her consent. In response to not submitting to his sexual advances, Defendant Petties evicted the tenant by changing the locks on the garage while she was current on her rent.

20. The experiences of the women described above are not the only instances of Defendant Petties's sexual harassment of female tenants. Rather, they are part of his longstanding pattern or practice of illegal sexual harassment of multiple female tenants from at least 2016, through the present.

21. The discriminatory incidents described above occurred while Defendant Petties was exercising his authority as owner, agent, manager, and/or operator of the Subject Properties.

22. Defendants TMH Group Inc., Exceptional Service Company LLC, and The Monarch House LLC a/k/a Monarch House LLC are vicariously liable for the actions of their agent, Defendant Petties.

23. The above-described actions and conduct of Defendant Petties occurred within the scope of his agency relationship with Defendant TMH Group Inc., Defendant Exceptional Service Company LLC, and Defendant The Monarch House LLC a/k/a Monarch House LLC, and were aided by the existence of that agency relationship.

## CAUSE OF ACTION

24. By the actions and statements described above, Defendants have:

   a. Refused to sell or rent after the making of a bona fide offer, or refused to negotiate for the sale or rental of, or otherwise made unavailable or denied, a dwelling to persons because of sex, in violation of 42 U.S.C. § 3604(a);

   b. Discriminated in the terms, conditions, or privileges of the rental of dwellings, or in the provision of services or facilities in connection therewith, because of sex, in violation of 42 U.S.C. § 3604(b); and

      c.      Coerced, intimidated, threatened, or interfered with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights granted or protected by Section 804 of the Fair Housing Act, in violation of 42 U.S.C. § 3617.

25.     Under 42 U.S.C. § 3614(a), the Defendants' conduct described above constitutes:

      a.      A pattern or practice of resistance to the full enjoyment of the rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601-3619; and/or

      b.      A denial to a group of persons of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601-3619, that raises an issue of general public importance.

26.     Female tenants have been injured by the Defendants' discriminatory conduct. These individuals are "aggrieved persons" as defined in 42 U.S.C. § 3602(i) and have suffered damages as a result of the Defendants' conduct.

27.     Defendants' conduct was intentional, willful, and taken in reckless disregard of the rights of others.

## PRAYER FOR RELIEF

WHEREFORE, the United States requests that the Court enter an Order that:

      a.      Declares that the Defendants' discriminatory practices violate the Fair Housing Act, 42 U.S.C. §§ 3601-3619;

      b.      Enjoins the Defendants, their agents, employees, and successors, and all other persons in the active concert or participation with them from:

           i.      Discriminating on the basis of sex, including engaging in sexual harassment, in any aspect of the rental of a dwelling;

        ii. Interfering with, or threatening to take any action against, any person engaged in the exercise or enjoyment of rights granted or protected by the Fair Housing Act, 42 U.S.C. §§ 3601-3619;

        iii. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of the Defendants' past unlawful practices to the position they would have been in but for the discriminatory conduct; and

        iv. Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, as nearly as practicable, the effects of the Defendants' unlawful practices;

c. Awards such preventive relief, including a permanent or temporary injunction, restraining order, or other order against Defendants for violations of the Fair Housing Act, pursuant to 42 U.S.C. § 3614(d)(1)(A);

d. Awards monetary damages to each person aggrieved by Defendants' discriminatory conduct, pursuant to 42 U.S.C. § 3614(d)(1)(B);

e. Assesses civil penalties against the Defendants in order to vindicate the public interest, pursuant to 42 U.S.C. § 3614(d)(1)(C); and

f. Awards such additional relief as the interests of justice may require.

## DEMAND FOR JURY TRIAL

28. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the United States hereby demands a trial by jury.

Dated: January 11, 2024

Respectfully submitted:

| | |
|---|---|
| | MERRICK B. GARLAND<br>Attorney General |
| ROBERT J. TROESTER<br>United States Attorney<br>Western District of Oklahoma | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division |
| | CARRIE PAGNUCCO<br>Chief |
| /s Emily Fagan<br>EMILY FAGAN<br>Oklahoma Bar Number 22427<br>Assistant United States Attorney<br>Western District of Oklahoma<br>210 West Park Avenue, Suite 400<br>Oklahoma City, OK 73102<br>Phone: (405) 553-8844<br>Fax: (405) 553-8888<br>Email: Emily.Fagan@usdoj.gov | /s Tanya Ilona Kirwan<br>TIMOTHY J. MORAN<br>Deputy Chief<br>TANYA ILONA KIRWAN<br>Maryland Bar<br>Trial Attorney<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>U.S. Department of Justice<br>4 Constitution Square<br>150 M Street, N.E., Suite 8.125<br>Washington, D.C. 20530<br>Phone: (202) 532-3826<br>Fax: (202) 514-1116<br>Email: tanya.kirwan@usdoj.gov |