IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SHEVIS D. PETTIES, TMH GROUP INC., ) <br> EXCEPTIONAL SERVICE COMPANY LLC, ) <br> and THE MONARCH HOUSE LLC *a/k/a* ) <br> MONARCH HOUSE LLC, ) <br> ) <br> Defendants. ) | Case No. CIV-24-00036-JD |

## **ORDER**

This is a Fair Housing Act ("FHA") case brought by the United States of America ("Plaintiff") against Shevis D. Petties, TMH Group Inc., Exceptional Service Company LLC, and The Monarch House LLC (collectively "Defendants"), to enforce the provisions of Title VIII of the Civil Rights Act of 1968, as amended 42 U.S.C. §§ 3601–3619.

Before the Court is Defendants' Motion to Dismiss ("Motion") [Doc. No. 17] Plaintiff's Complaint [Doc. No. 1] pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff filed a response in opposition ("Response") [Doc. No. 18]. Defendants did not file a reply.

For the reasons discussed below, the Court denies Defendants' Motion.

I.  **BACKGROUND**

  A.  **The factual allegations in Plaintiff's complaint**[1]

Defendant Shevis D. Petties ("Petties") owned and/or operated and managed residential rental properties. [Doc. No. 1 ¶ 4]. Petties managed rental properties owned by Defendant TMH Group Inc., a not-for-profit corporation; Defendant Exceptional Service Company LLC; and Defendant The Monarch House LLC. [*Id.* ¶¶ 5–7]. Petties operated and managed at least four residential rental properties. [*Id.* ¶ 8].

In his management of the properties, Plaintiff alleges, from at least 2016 to the present, Petties discriminated against female tenants on the basis of sex, including sexual harassment. [*Id.* ¶ 14]. Plaintiff alleges the discriminatory conduct includes the following actions toward female tenants: unwelcome sexual advances, sexual contact, and sexual comments; physical assault; presence in their bedrooms without permission or notice; photographing and/or filming without their knowledge or permission; unconsented to groping or sexual or suggestive touching; offers of housing benefits in exchange for sexual acts; denial of housing benefits upon the refusal of sexual acts; demands for sexual acts in order to not lose housing; and adverse actions upon the refusal of sexual advances. [*Id.*].

Plaintiff states the following allegations as examples of Petties's conduct. Plaintiff states these are only examples of Petties's conduct and are not the only

---

[1] The Court recounts the facts based on the well-pled allegations in Plaintiff's Complaint and construes them in the light most favorable to Plaintiff. *See Serna v. Denver Police Dep't*, 58 F.4th 1167, 1169 n.1 (10th Cir. 2023).

instances in which Petties has sexually harassed female tenants. [*Id.* ¶ 20]. Plaintiff alleges these examples are part of "his longstanding pattern or practice of illegal sexual harassment of multiple female tenants from at least 2016, through the present." [*Id.*].

In or around 2016, Petties rented a bedroom to two sisters, both of whom were minors. [*Id.* ¶ 15]. Plaintiff's allegations regarding the two sisters include that Petties videoed and photographed them in their bedroom and bathroom without consent, engaged in unconsented to sexual and physical touching, verbally threatened and harassed them, requested sexual intercourse, and requested nude photographs. [*Id.*]. Petties allegedly retaliated against them for refusing his advances by moving them to less desirable living quarters and ultimately locking them out of the property. [*Id.*].

In or around December 2020, Petties rented a bedroom to a female tenant. [*Id.* ¶ 16]. The allegations against Petties relating to this tenant include unauthorized entry into her bedroom, unwelcome sexual advances, and ultimately, eviction of the tenant because she refused his sexual advances. [*Id.*].

In or around the summer of 2021, the same tenant rented an apartment at a different property. [*Id.* ¶ 17]. The tenant did not have a place to live and contacted Petties as a desperate, last resort. [*Id.*]. While she lived there, Petties subjected the tenant to multiple instances of unwanted physical and sexual contact and locked her out of her apartment. [*Id.*].

In or around December 2016, Petties hired a woman to serve as a live-in project manager to oversee renovations at one of the properties. [*Id.* ¶ 18]. Petties made repeated, unwelcome sexual comments and requests to this tenant, entered her property

3

without consent, and physically assaulted her causing her to leave the property and not return. [*Id.*].

In or around 2018, a female tenant rented a bedroom in a detached garage at one of the properties. [*Id.* ¶ 19]. Petties allegedly entered the tenant's bedroom without permission, videoed the tenant without her consent, made unwelcome physical contact with the tenant, made unwelcome sexual comments, and ultimately locked the tenant out of the property when she refused his sexual advances. [*Id.*].

Plaintiff asserts the above conduct occurred while Petties was exercising his authority as owner, agent, manager, and/or operator of the properties. [*Id.* ¶ 21]. Plaintiff asserts that Defendants TMH Group Inc., Exceptional Service Company LLC, and The Monarch House LLC are vicariously liable for the actions of Petties because he acted as their agent and that the above conduct occurred within the scope of Petties's agency relationship with Defendants. [*Id.* ¶¶ 22–23].

Plaintiff claims Petties's actions violate 42 U.S.C. §§ 3604(a), 3604(b), and 3617 and that such violations constitute (1) a pattern or practice of resistance to the full enjoyment of the rights granted by the FHA; and/or (2) a denial to a group of persons of rights granted by the FHA that raises an issue of general, public importance. [*Id.* ¶¶ 24–25]. Plaintiff seeks declaratory relief, injunctive relief, preventative relief pursuant to 42 U.S.C. § 3614(d)(1)(A), monetary damages to those aggrieved by Defendants' conduct pursuant to 42 U.S.C. § 3614(d)(1)(B), civil penalties to vindicate the public interest

pursuant to 42 U.S.C. § 3614(d)(1)(C), and any additional relief the interests of justice may require. [*Id.* at 9–10].[2]

B.    **Defendants' Motion to Dismiss**

Defendants moved to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [Doc. No. 17]. Defendants' Motion addresses the examples of Petties's conduct as bases for individual claims on behalf of the aggrieved tenants. [*See id.* at 6–13].

Defendants argue the tenants individually failed to comply with the administrative complaint procedure outlined in 42 U.S.C. §§ 3610(a), (b), and (d), which is a jurisdictional prerequisite to maintaining a civil action under 42 U.S.C. § 3610. [*Id.* at 6–7]. Defendants state the tenants needed to raise "their concerns to the Secretary of Housing and Urban Development 'not later than one year after an alleged discriminatory housing practice has occurred or terminated' or otherwise complied with 42 U.S.C. § 3610" and that the Attorney General then had an eighteen-month window to file a suit on behalf of the aggrieved tenants. [*Id.* at 6; *see also id.* at 10, 11–12, 13]. Defendants also assert Plaintiff's claims are time-barred, applying the two-year statute of limitations found in 12 Okla. Stat. § 95(a)(3). [*Id.* at 7, 10, 11–12, 13].

Defendants raise certain arguments in response to Plaintiff's specific factual allegations. Defendants address the two incidents pertaining to the same female tenant collectively. [*See* Doc. No. 1 ¶¶ 16–17; Doc. No. 17 at 7–10]. The first set of allegations

---

[2] The Court uses CM/ECF page numbering from the top of docket filings in this Order.

occurred in or around December 2020, and the second occurred in or around the summer of 2021. [Doc. No. 1 ¶¶ 16–17]. Defendants state Plaintiff's claims relating to this tenant do not state a plausible claim for relief because the tenant returned to Defendants after already experiencing sexual harassment. [Doc. No. 17 at 8]. Defendants suggest the tenant had other alternatives for housing. [*Id.* at 8, n.2]. Defendants also argue Plaintiff's sexual harassment allegations pertaining to this tenant are "subject to other more conceivable interpretations." [*Id.* at 9].

Regarding the allegations occurring in or around December 2016 pertaining to a live-in project manager [Doc. No. 1 ¶ 18], Defendants state those allegations cannot be a basis for a claim under the FHA because Plaintiff has not adequately stated the project manager is a tenant. [Doc. No. 17 at 12].

Regarding the allegations occurring in or around 2018 [Doc. No. 1 ¶ 19], Defendants state "a more plausible and conceivable basis for the presence of cameras in the home" is that Defendants were operating the property as a faith-based, sober-living home. [Doc. No. 17 at 13].

In addition to addressing Plaintiff's allegations pertaining to individual tenants, Defendants state that collectively "Plaintiff has not demonstrated a pattern or practice of illegal sexual harassment of multiple female tenants from at least 2016 through the present." [*Id.*]. Defendants contend Plaintiff makes "no allegations of abuse occurring within 18 months or two years of the filing of the Petition[,]" and "Plaintiff offers no 'specific factual allegations' that the harassment continued to the date of filing the complaint." [*Id.* at 14].

6

In Plaintiff's response, it states it has adequately stated a claim under 42 U.S.C. § 3614(a) for a pattern or practice of discrimination. [Doc. No. 18 at 12–16]. Plaintiff states that its lawsuit is not "a series of separate claims involving different individuals." [*Id.* at 14]. Plaintiff also asserts Defendants' speculation about alternate rationales for Defendants' actions other than discriminatory conduct are inappropriate as "the court may not consider matters outside the pleadings" when deciding a motion to dismiss. [*Id.* at 15 (citing Fed. R. Civ. P. 12(d))]. Plaintiff argues the statute of limitations does not time-bar its claims because Defendants were applying the incorrect statute of limitations to its claims. [*Id.* at 16–21]. Plaintiff states each type of relief has a specific, governing statute of limitations, and that pursuant to those statutes, Plaintiff's claims are timely. [*Id.*].

## II.  LEGAL STANDARDS

Defendants move to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted. [Doc. No. 17 at 1]. Because Defendants have not alleged an adequate basis for challenging the Court's subject matter jurisdiction pursuant to Rule 12(b)(1), as fully discussed below, the Court does not outline the standard governing a Rule 12(b)(1) motion.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a complaint does not need detailed factual assertions, a pleading that offers only "labels and conclusions" or "pleads facts that are merely consistent with a defendant's liability" will not suffice. *Id.* (internal quotation marks and citations omitted). The burden is on the plaintiff to plead factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Under this standard, the Court accepts all well-pled factual allegations as true and views the allegations in the light most favorable to the nonmoving party. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010). Conclusory statements, however, are not entitled to the assumption of truth and courts are free to disregard them. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

### III.    ANALYSIS

#### A.    Plaintiff states a claim for a pattern or practice that violates the rights granted by the FHA.

As a threshold issue, the Court considers whether to address the factual allegations in Plaintiff's complaint as individual bases for violations of the FHA or collectively as a basis for a pattern or practice under § 3614(a). The Court considers this issue first because the outcome determines how the Court addresses each of the grounds underlying Defendants' Motion. Plaintiff's complaint lists five, separate incidents alleging conduct violative of the FHA. [Doc. No. 1 ¶¶ 15–19]. Defendants address each of the incidents in Plaintiff's complaint as a ground for a separate claim. [Doc. No. 17 at 6–13]. Plaintiff, however, states each of the incidents is only an example demonstrating

Petties's "longstanding pattern or practice of illegal sexual harassment of multiple female tenants from at least 2016, through the present." [Doc. No. 1 ¶ 20]. The Court, therefore, must consider if Plaintiff has properly pled a claim for "a pattern or practice of resistance to the full enjoyment of any of the rights granted by [the FHA]." 42 U.S.C. § 3614(a).[3]

A pattern or practice is something more than an isolated incident of conduct violative of the FHA and "is an intentional, regular, or repeated violation of the rights granted by the FHA." *United States v. Pelfrey as Tr. of W. Ray Pelfrey Revocable Tr.*, No. CIV-18-945-HE, 2019 WL 2110582, at *2 (W.D. Okla. May 14, 2019) (citing cases). Plaintiff alleges five incidents of specific behavior it claims are examples of unwelcome sexual advances, sexual contact, and sexual comments; physical assault; presence in their bedrooms without permission or notice; photographing and/or filming without their knowledge or permission; unconsented to groping or suggestive touching; offers of housing benefits in exchange for sexual acts; denial of housing benefits upon the refusal of sexual acts; demands for sexual acts in order to not lose housing; and adverse actions upon the refusal of sexual advances. [Doc. No. 1 ¶ 14]. Plaintiff claims this behavior spans from at least 2016 to the present. [*Id.* ¶ 20]. The Court concludes these allegations are sufficient grounds to state a pattern or practice claim under

---

[3] The Court does not consider whether Plaintiff states a claim for a "denial to a group of persons of rights granted by the [FHA] that raises an issue of general public importance" [Doc. No. 1 ¶ 25(b)] because Defendants do not assert in their Motion that Plaintiff fails to state a claim upon that ground. [*See* Doc. No. 17 at 13 ("Plaintiff has not demonstrated a pattern or practice of illegal sexual harassment of multiple female tenants from at least 2016 through the present.")].

§ 3614(a). *See Pelfrey*, 2019 WL 2110582, at *2 (concluding nine categories of behavior and three examples of sexual harassment were a sufficient basis to state a claim for a pattern or practice); *see also United States v. Pedaline*, No. 4:23-CV-01744, 2024 WL 712347, at *4 (N.D. Ohio Feb. 21, 2024) (concluding allegations that the defendant sexually harassed four tenants were sufficient to state a claim for a pattern or practice). The Court, therefore, addresses the remaining grounds in Defendants' Motion as directed toward Plaintiff's claims under § 3614(a).

>    **B.    Plaintiff did not have to comply with the administrative procedures of 42 U.S.C. §§ 3610 or 3614(b).**

Defendants state that Plaintiff does not allege that the tenants complied with the administrative procedures contained in 42 U.S.C. § 3610. [Doc. No. 17 at 6–7, 10, 11, 13]. Defendants claim the individual tenants needed to raise "their concerns to the Secretary of Housing and Urban Development 'not later than one year after an alleged discriminatory housing practice has occurred or terminated' or otherwise [have] complied with 42 U.S.C. § 3610. [*Id.* at 6]. Defendants contend this is a "jurisdictional prerequisite to the maintenance of a civil action brought under § 3610." [*Id.* at 7 (internal quotation marks omitted)]. Defendants also assert the Attorney General must then commence an action pursuant to 42 U.S.C. § 3614(b) within eighteen months after the occurrence of termination of the discriminatory housing practice. [*Id.* at 7, 10, 11, 13].

The procedural requirements of § 3610 do not apply to Plaintiff's claims under § 3614(a). The FHA provides for enforcement of its provisions in the following manners: administrative enforcement (42 U.S.C. § 3610), enforcement by the Secretary

10

of Housing (42 U.S.C. § 3612), enforcement by private persons (42 U.S.C. § 3613), and enforcement by the Attorney General (42 U.S.C. § 3614). Each of the modes for enforcement has specific requirements. *See* 42 U.S.C. §§ 3610–14. This is not a case initiated on behalf of an aggrieved individual pursuant to § 3610. Accordingly, Defendants offer no support for their proposition that the requirements of § 3610 apply to this case. This case is an action commenced by the Attorney General pursuant to 42 U.S.C. § 3614(a), which authorizes the Attorney General to commence an action based on a "reasonable" belief. *See* 42 U.S.C. § 3614(a) ("Whenever the Attorney General has reasonable cause to believe . . . .").

Nor do the requirements of § 3614(b) apply to this case. Section 3614(b) authorizes the Attorney General to commence an action upon referral from the Secretary of Housing in certain circumstances. *See* 42 U.S.C. § 3614(b). The complaint does not allege Plaintiff commenced this action pursuant to § 3614(b), and Defendants cite no authority or reason why Plaintiff would have to commence an action in accord with the time limitations outlined in that subsection.

### C. Defendants have not demonstrated the statute of limitations bars Plaintiff's claims.

Defendants assert the statute of limitations bars Plaintiff's claims under Rule 12(b)(1). [Doc. No. 17 at 7, 10, 11–12, 13]. Having determined Plaintiff is asserting claims for a pattern or practice, rather than claims brought on behalf of aggrieved individuals, the Court must consider the applicable statutes of limitations for claims brought pursuant to § 3614(a). Defendants confusingly, and without support, assert the

Court should apply the two-year statute of limitations found in 12 Okla. Stat. § 95(a)(3). [Doc. No. 17 at 7, 10, 11–12, 13]. The Court concludes this is the incorrect statute of limitations and that the Court must determine and apply the statute of limitations for each type of relief Plaintiff requests.

Defendants assert the Court should examine its statute of limitations claims pursuant to Rule 12(b)(1), which examines whether the Court has subject matter jurisdiction. [*Id.* at 1–2].[4] Because the Court determines Defendants were urging the application of the incorrect statute of limitations, the Court examines whether the statute of limitations bars Plaintiff's claims pursuant to Rule 12(b)(6). The Court, therefore, will examine whether the face of Plaintiff's complaint demonstrates lack of compliance with the statutes of limitations. *See Pelfrey*, 2019 WL 2110582, *1 ("The statute of limitations is an affirmative defense and, unless the complaint shows on its face that the statute bars a particular claim, it is the defendant's burden to plead and establish it.") (citing *Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1304 (10th Cir. 2003)).

The Court now turns to determining the correct statute of limitations for each type of relief Plaintiff requests for its § 3614(a) claims. *See United States v. Hames*, Nos. 5:18-CV-1055-CLS & 5:18-CV-1096-CLS, 2023 WL 2386306, at *4 (N.D. Ala. Mar. 6, 2023) ("It is important to note that actions authorized by § 3614(a) are not tied to a

---

[4] Generally, the statute of limitations is not a jurisdictional issue but an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). Accordingly, a party must demonstrate clear congressional intent for a statute of limitations to be asserted as a jurisdictional issue properly examined in a Rule 12(b)(1) motion. Because Defendants have not asserted any arguments regarding whether the statutes of limitations Plaintiff asserts in its Response are jurisdictional, the Court examines the statute of limitations under Rule 12(b)(6).

specific statute of limitations. As a result, courts determine the applicable tolling period by looking at the nature of the relief requested by the government."). Plaintiff requests (1) declaratory relief; (2) injunctive relief pursuant to § 3614(d)(1)(A); (3) monetary damages to the aggrieved persons pursuant to § 3614(d)(1)(B); and (4) civil penalties pursuant to § 3614(d)(1)(C). [Doc. No. 1 at 9–10].

The statute of limitations does not bar Plaintiff's requests for declaratory and injunctive relief. The FHA does not contain a statute of limitations for claims for declaratory and injunctive relief under § 3614(a). *Garcia v. Brockway*, 526 F.3d 456, 460 (9th Cir. 2008) (en banc) ("The FHA does not provide a statute of limitations for these actions, and other courts have held that such actions seeking equitable relief are not subject to any time limit."); *accord United States v. Tanski*, No. 1:04-CV-714, 2007 WL 1017020, at *6 (N.D.N.Y. Mar. 30, 2007); *United States v. Harrison*, 188 F. Supp. 2d 77, 80 (D. Mass. 2002); *United States v. Inc. Vill. of Island Park*, 791 F. Supp. 354, 365 (E.D.N.Y. 1992). Accordingly, Plaintiff's requests for declaratory and injunctive relief are not time-barred.

The face of Plaintiff's complaint does not demonstrate the statute of limitations bars Plaintiff's request for civil penalties. The applicable statute of limitations for requests for civil penalties for violations of § 3614(a) is contained in 28 U.S.C. § 2462, which applies a five-year statute of limitations from the time the cause of action accrued.[5] *Garcia*, 526 F.3d at 460 (citing 28 U.S.C. § 2462). When examining a pattern

---

[5] 28 U.S.C. § 2462 provides:

13

or practice claim under § 3614(a), the relevant inquiry for statute of limitations purposes is whether the pattern or practice continued during the limitations period, not when it commenced. *Harrison*, 188 F. Supp. 2d at 80 (citing *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380–81 (1982)). Accordingly, the face of Plaintiff's complaint alleges conduct occurring within the limitations period for civil penalties. [Doc. No. 1 ¶ 16 (detailing conduct occurring "in or around December of 2020"); *id.* ¶ 17 (detailing conduct "[i]n or around the summer of 2021")].

Nor does the face of the complaint demonstrate that the statute of limitations bars Plaintiff's request for monetary damages. The statute of limitations for a claim for monetary damages under § 3614(a) is three years from the time the cause of action accrued. *Pelfrey*, 2019 WL 2110582, *1 (citing 28 U.S.C. § 2415(b)).[6] The cause of action accrues when the Attorney General could have first reasonably known of the material facts underlying the claim. *Id.* (citing 28 U.S.C. § 2416(c)). The Court cannot conclude that the face of the complaint demonstrates the statute of limitations bars Plaintiff's claim for monetary damages. The complaint alleges conduct occurring within

---

> Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon.

[6] 28 U.S.C. § 2415(b) provides in relevant part that "every action for money damages brought by the United States or an officer or agency thereof which is founded upon a tort shall be barred unless the complaint is filed within three years after the right of action first accrues[.]"

three years of the filing of the complaint.[7] [Doc. No. 1 ¶ 17 (detailing conduct "[i]n or around the summer of 2021")].

At the motion to dismiss stage, Plaintiff "has no duty . . . to plead its way out of the potential application of the limitations statute." *Pelfrey*, 2019 WL 2110582, *1. Instead, Defendants have the burden of demonstrating the statute of limitations bars Plaintiff's claims, which they have failed to do. *Id.*

### D. The Court cannot consider the factual allegations alleged by Defendants.

The remaining grounds for Defendants' Motion rely upon suggested, alternate reasons for Defendants' alleged conduct, other than discriminatory purposes. The allegations made by Defendants include the following.

First, the fact that a female tenant sought out a rental property operated by Petties after she was sexually harassed is evidence that Petties did not actually sexually harass her. [Doc. No. 17 at 9–10]. Defendants assign possible alternate explanations for Petties's conduct toward the tenant, including a consensual sexual relationship, an ended romantic relationship, the tenant's failure to pay rent, and the tenant's use of drugs or alcohol. [*Id.*].

Second, Defendants assert the Court should not consider the presence of cameras in the properties as present for the purposes of sexual harassment and/or discrimination because the cameras were used to monitor the tenants for drug and alcohol use. [*Id.* at 13].

---

[7] Plaintiff filed the complaint on January 11, 2024. [Doc. No. 1].

Defendants do not note which element of Plaintiff's claims these allegations supposedly negate.

The Court's role in determining whether Plaintiff states a claim is to determine whether Plaintiff has alleged plausible facts, when accepted as true, to state a claim under § 3614(a) for a pattern or practice of resistance to the full enjoyment of the rights granted by the FHA and/or a denial to a group of persons of rights granted by the FHA that raises an issue of general public importance. *See Peterson*, 594 F.3d at 727 ("To survive a Rule 12(b)(6) motion, a plaintiff must allege sufficient facts to make her 'claim for relief . . . plausible on its face.'") (quoting *Twombly*, 550 U.S. at 557). In doing so, the Court cannot consider facts outside the pleadings. *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991) ("The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."). Accordingly, the *suggestion* that other facts might exist that explain Petties's conduct besides sexual harassment do not suffice.[8] The facts to which Defendants allude

---

[8] Defendants' reliance on *Hood v. Pope* is misplaced. [*See* Doc. No. 17 at 9–10, 13 (citing *Hood v. Pope*, 627 F. App'x 295 (5th Cir. 2015) (unpublished)]. Defendants cite *Hood* for the proposition that the Court can consider other explanations for Petties's alleged conduct. However, the court in *Hood* explained the plaintiffs' claim of racial discrimination did not include facts supporting that the defendant's actions were motivated by race. *Hood*, 627 F. App'x at 299. The court, therefore, explained the facially neutral conduct by the defendant could have had alternate motivations besides race. *Id*. Here, Plaintiff's allegations clearly implicate behavior by Petties motivated by the tenants' sex, and accordingly, the Court cannot consider alternate explanations for Petties's behavior in a motion to dismiss. *See Peterson*, 594 F.3d at 727 ("If the allegations are so general that they encompass a wide swath of conduct, much of it

are not in the complaint, nor do Defendants present evidence of such facts in order to convert the Motion into one for summary judgment under Federal Rule of Procedure 12(d). The Court, therefore, does not consider the alternate explanations proffered by Defendants and instead concludes Plaintiff has stated a claim under § 3614(a). Even if the Court were not to consider the facts for which Defendants offer alternate explanations, Plaintiff has asserted adequate facts to assert a claim under § 3614(a).

Defendants do assert one argument that attacks whether Plaintiff has adequately pled facts to support its claims—whether Plaintiff's allegations regarding a project manager can serve as a basis for its claims because the FHA does not apply to discrimination against employees. [Doc. No. 17 at 12]. The Court rejects this argument because Plaintiff clearly alleges the project manager was a tenant. In the factual allegations pertaining to the project manager/tenant, Plaintiff repeatedly refers to the project manager as a tenant. [*See* Doc. No. 1 ¶ 18].

## IV. CONCLUSION

For the reasons analyzed above, the Court denies Defendants' Motion to Dismiss.

IT IS SO ORDERED this 7th day of March 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible.") (internal quotation marks and citation omitted).